UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DIANE DEBRA JEAN DIXON,              ) | |
|                                                               ) | |
|       Plaintiff,                                        ) | |
|                                                               ) | |
| vs.                                                        ) | Cause No.  1:15-cv-682-WTL-MJD |
|                                                               ) | |
| CAROLYN W. COLVIN, Acting      ) | |
| Commissioner of the Social Security  ) | |
| Administration,                                   ) | |
|                                                               ) | |
|       Defendant.                                   ) | |

**ENTRY ON JUDICIAL REVIEW**

Plaintiff Diane Debra Jean Dixon requests judicial review of the final decision of the Defendant, Carolyn W. Colvin, Acting Commissioner of the Social Security Administration ("Commissioner"), denying Dixon's application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act") and Supplemental Security Income ("SSI") under Title XVI of the Act. The Court, having reviewed the record and the briefs of the parties, rules as follows.

**I.      APPLICABLE STANDARD**

Disability is defined as "the inability to engage in any substantial gainful activity by reason of a medically determinable mental or physical impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of at least twelve months." 42 U.S.C. § 423(d)(1)(A). In order to be found disabled, a claimant must demonstrate that her physical or mental limitations prevent her from doing not only her previous work, but any other kind of gainful employment which exists in the national economy, considering her age, education, and work experience. 42 U.S.C. § 423(d)(2)(A).

In determining whether a claimant is disabled, the Commissioner employs a five-step sequential analysis. At step one, if the claimant is engaged in substantial gainful activity, she is not disabled, despite her medical condition and other factors. 20 C.F.R. § 404.1520(b).[1] At step two, if the claimant does not have a "severe" impairment (i.e., one that significantly limits his ability to perform basic work activities), she is not disabled. 20 C.F.R. § 404.1520(c). At step three, the Commissioner determines whether the claimant's impairment or combination of impairments meets or medically equals any impairment that appears in the Listing of Impairments, 20 C.F.R. pt. 404, subpt. P, App. 1, and whether the impairment meets the twelve-month duration requirement; if so, the claimant is deemed disabled. 20 C.F.R. § 404.1520(d). At step four, if the claimant is able to perform her past relevant work, she is not disabled. 20 C.F.R. § 404.1520(f). At step five, if the claimant can perform any other work in the national economy, she is not disabled. 20 C.F.R. § 404.1520(g).

In reviewing the Administrative Law Judge ("ALJ")'s decision, the ALJ's findings of fact are conclusive and must be upheld by this court "so long as substantial evidence supports them and no error of law occurred." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *id.*, and this Court may not reweigh the evidence or substitute its judgment for that of the ALJ. *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997). The ALJ is required to articulate only a minimal, but legitimate, justification for his acceptance or rejection of specific evidence of disability. *Scheck v. Barnhart*, 357 F.3d 697, 700 (7th Cir. 2004). In order to be affirmed, the ALJ must articulate his analysis of the

---

[1] The Code of Federal Regulations contains separate sections relating to DIB and SSI that are identical in all respects relevant to this case. For the sake of simplicity, this Entry contains citations to DIB sections only.

2

evidence in his decision; while he "is not required to address every piece of evidence or testimony," he must "provide some glimpse into [his] reasoning . . . [and] build an accurate and logical bridge from the evidence to [his] conclusion." *Dixon*, 270 F.3d at 1176.

## II.     BACKGROUND

Dixon protectively filed for DIB and SSI on April 20, 2012, alleging that she became disabled on May 21, 2011, due to peroneal palsy, right knee pain, obesity, and spondylitic changes in the cervical spine. Dixon was born on February 7, 1960, and she was fifty-one years old on the alleged disability onset date. Dixon has a high school education and has past relevant work experience as a personnel technician, assistant teacher, and call center team lead.

Dixon's application was denied initially on September 10, 2012, and upon reconsideration on December 17, 2012. Thereafter, Dixon requested and received a hearing in front of an ALJ. A video hearing, during which Dixon was represented by counsel, was held by ALJ William M. Manico on September 17, 2013. The ALJ issued his decision denying Dixon's claim on December 23, 2013; the Appeals Council denied Dixon's request for review on March 9, 2015. Dixon then filed this timely appeal.

## III.    THE ALJ'S DECISION

The ALJ determined that Dixon will meet the insured status requirements of the Social Security Act through December 31, 2016. The ALJ determined at step one that Dixon had not engaged in substantial gainful activity since May 21, 2011, the alleged onset date. At steps two and three, the ALJ concluded that Dixon had the severe impairments of "Peroneal Palsy, right knee pain, and Spondylitic changes in the cervical spine, obesity (20 CFR 404.1520(c))," Record at 20, but that her impairments, singly or in combination, did not meet or medically

equal a listed impairment. At step four, the ALJ determined that Dixon had the following Residual Functional Capacity ("RFC"):

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) but may only occasionally climb ramps or stairs, balance, stoop, kneel, crouch or crawl. Claimant should never climb ladders, ropes, or scaffolds. Claimant should avoid exposure to hazards.

*Id.* at 22. Given this RFC, the ALJ determined that Dixon was able to perform her past relevant work as a personnel technician. Accordingly, the ALJ concluded that Dixon was not disabled as defined by the Act.

## IV. EVIDENCE OF RECORD

The medical evidence of record is aptly set forth in Dixon's brief (Dkt. No. 15) and need not be recited here. Specific facts are set forth in the discussion section below where relevant.

## V. DISCUSSION

In her brief in support of her complaint, Dixon advances several objections to the ALJ's decision; each is addressed below.

### A. ALJ's Failure to Resolve Inconsistencies

Dixon first argues that the ALJ relied on unreliable and inconsistent reports. Dr. Wallace Gasiewicz, a Social Security examiner, found that Dixon was "able to perform normal movements like walking, sitting, squatting, bending, hand movements, manipulative movement with hands and feet, able to grasp objects and able to get on/off the table without assistance." R. at 342. The range of motion chart, however, indicated that he was unable to evaluate her lumbar spine and hips. R. at 339. Moreover, the report notes that the examination was performed while Dixon was in her wheelchair, R. at 341, although "we did get her to stand with support and she did take a few steps of a few inches each," R. at 342.

4

Dr. Sands, a Social Security record reviewer, completed a physical residual functional capacity (PRFC) assessment. He determined Dixon is able to sit, stand and/or walk about six hours in an eight hour workday, and can lift and/or carry twenty pounds occasionally and ten pounds frequently. R. at 345. Dr. Sands also checked the box that Dixon is limited in the lower extremities, yet he provided no explanation as to how and to what degree she is limited. *Id.*

The ALJ's decision assigns "significant weight" to these doctors' findings (along with Dr. Hasanadka, who merely checked a box that he agrees with Dr. Sands' assessment). R. at 26. The decision summarizes Dr. Sands' PRFC but fails to address the fact that Dr. Sands found Dixon to be limited in the lower extremities but did not define or explain this finding.

The ALJ's duty is to resolve inconsistencies in the evidence. *See* SSR 96–8p. The ALJ's failure to resolve the glaring inconsistencies in Drs. Gasiewicz's and Sands' findings concerning a critical issue – Dixon's ability to stand, walk, and otherwise ambulate – results in a failure to build the logical bridge that is required and renders a RFC finding that is fatally flawed. The ALJ should have sought clarification. Remand is required.

### B. Step 2 Error

Dixon also argues that the ALJ erred at Step 2:

> Only medical experts can reach conclusions regarding meeting or equaling one of the Listing impairments. The ALJ erroneously made a blanket statement that listing 1.02 and 1.04 are not met without any discussion of the evidence as it relates to the requirements of the listing criteria. . . . . The ALJ errs by failing to properly analyze the evidence in the listing discussion and by failing to utilize readily available expertise as mandated by Social Security rules.

Dkt. No. 15 at 7.

In his decision, the ALJ states that "the claimant does not have an impairment or

combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526)." R. at 21. However, the ALJ failed to provide sufficient analysis or discussion of the evidence. This error should be corrected on remand.

### C. Failure to Address Dixon's Need of Walker or Wheelchair to Ambulate

Dixon also argues that the ALJ erred in failing to take her need for a wheelchair for all mobility into consideration in the RFC. While she was not given a prescription, Dixon was sent home from the hospital with a rolling walker. On remand, the ALJ should address and assess the evidence regarding Dixon's use of a wheelchair or walker.

### D. Credibility

Finally, Dixon argues that the ALJ discredited her credibility based on lack of treatment history. The ALJ did not explore Dixon's reasons for lack of medical care. On remand, he should address this issue. *See Beardsley v. Colvin,* 758 F.3d 834, 840 (7th Cir. 2014) (remanding to agency where ALJ made no attempt to determine reason for conservative treatment).

### VI.    CONCLUSION

For the reasons set forth above, the decision of the Commissioner is **REVERSED AND REMANDED** for further proceedings consistent with this Entry.

**SO ORDERED: 9/6/16**

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.